UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNA SOUTHWICK,

    Plaintiff,

v.                                              Case No: 2:16-cv-625-FtM-99CM

PYSTMO, LLC and MARK
TAYLOR,

    Defendants.
_____

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Amended Joint Motion for Approval of FLSA Settlement (Doc. 47) filed on March 4, 2018. On February 14, 2018, the parties moved for the Court to approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims. Doc. 41. The Court denied without prejudice the parties' motion because the agreement contained Plaintiff's general release of claims, a non-disparagement clause and a no re-employment clause. Doc. 42. The parties again request that the Court approve the parties' settlement of the FLSA claims and dismiss the case with prejudice after amending their settlement agreement consistent with the prior Order. Doc. 47. For the reasons set forth

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

herein, the Court recommends that the settlement be **APPROVED** and Plaintiff's claims be dismissed with prejudice.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement

they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store, Inc.*, 679 F.2d at 1355.

Here, Plaintiff filed a Complaint seeking recovery of overtime compensation under the FLSA against Defendants Pystmo, LLC d/b/a Edible Arrangements ("Pystmo") and Mark Taylor. Doc. 1. Pystmo is a Florida limited liability company. *Id.* ¶ 2. Taylor owned, managed and operated Pystmo and regularly exercised the authority to hire and fire employees of the company and determine the employees' work schedules. *Id.* ¶ 5. Plaintiff claims that during the term of her employment, she was not paid any overtime premium for all hours worked in excess of forty (40) hours within a workweek. *Id.* ¶ 9.

In the proposed settlement agreement, Defendants agree to pay Plaintiff a settlement amount totaling $6,400.00 in consideration for her underlying claims for overtime wages and damages. Doc. 47-1 ¶ 1. The parties state each party was represented by counsel experienced in litigating claims under the FLSA. Doc. 47 at 4. The parties further state if they continue to litigate this matter, they would face litigation costs exceeding the amount of damages claimed here and the uncertainty of an outcome. *Id.* Thus, they seek to minimize risks and litigation costs by entering into the agreement. *Id.* The parties also represent they have engaged in written discovery, exchanged sufficient information and conducted an adequate investigation to make an educated and informed analysis of the claims here. *Id.*

Given the parties' likelihood of success on the merits and the uncertain range of possible recovery, the parties state their agreement is fair and reasonable. *Id.* at 4-5.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014); *Helms v. Ctr. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006).

The Court notes the proposed settlement agreement contains a full general release of all claims by Plaintiff and a non-disparagement clause. Doc. 47-1 at 3-5. As noted in the prior Order, this Court as well as other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA. Doc. 42 at 2-4. *Davis v. JP Sports Collectibles Inc.*, No. 2:16-cv-154-FtM-CM, 2016 WL 7474571, at *2 (M.D. Fla. Dec. 29, 2016) (approving the settlement agreement with mutual general releases because the plaintiffs

received independent consideration for their individual general releases); *Weldon v. Backwoods Steakhouse, Inc.*, 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014); *Buntin v. Square Foot Management Company, LLC*, 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015); *Raynon v. RHA/Fern Park MR., Inc.*, 6:14–cv–1112–Orl–37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014).

In *Weldon*, the court approved a settlement agreement that contained a general release and non-disparagement agreement because they were supported by independent consideration, in addition to the sum the plaintiff would receive from the FLSA settlement. *Weldon*, 2014 WL 4385593, at *4. In *Buntin*, the court approved a settlement agreement that contained a general release because it was supported by independent consideration apart from that owed to him under the FLSA, specifically a mutual general release and a specific neutral reference by defendant. *Buntin*, 2015 WL 3407866, at *3.

Here, in its prior Order, the Court found problematic Plaintiff's general release of claims and the non-disparagement clause because the parties did not make clear whether Defendants provided any independent consideration for Plaintiff's general release of claims or the non-disparagement clause. Doc. 42 at 4. The parties addressed this concern by providing $100.00 as an independent consideration to Plaintiff in exchange for her general release of claims and the non-disparagement clause. Doc. 47-1 ¶ 1(d). Thus, the Court recommends Plaintiff's general release of

claims and the non-disparagement clause do not render the settlement agreement unfair.  See Weldon, 2014 WL 4385593, at *4.

The Court also determined the parties' no re-employment clause in their previous settlement agreement was problematic.  Doc. 42 at 5.  The parties addressed this concern by removing the clause.  Doc. 47 at 3.

In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to Bonetti, 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, Defendants agree to pay Plaintiff's attorney's fees and costs in the amount of $6,000.00.  Doc. 47-1 ¶ 1(c).  The settlement was reached and the fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff.  Doc. 47 at 2.  Under these circumstances, the Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Amended Joint Motion for Approval of FLSA Settlement (Doc. 47) be **GRANTED**.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

**DONE** and **ENTERED** in Fort Myers, Florida on this 5th day of March, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record